IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BUTTERCUP LEGACY LLC, a Utah limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHILIN PROSPERITY COMPANY, LTD., a Taiwanese company; INTEK AMERICA INC., a California corporation; AXEUS, a California corporation; STAPLES, INC., a Massachusetts corporation; OFFICE DEPOT, INC., a Florida corporation; OFFICEMAX INCORPORATED, an Illinois corporation; UNITED STATIONERS SUPPLY CO., an Illinois corporation; PEACH LAMINATING (KOREA) LTD; ALERATEC, INC.; SHENZHEN QIHAI TECHNOLOGY CO., LTD.; and DOES 1-25,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO STAY<br><br><br>Case No. 2:11-CV-262 TS |

This matter is before the Court on Defendants' Motion to Stay.[1]  For the reasons more fully set forth below, the Court will grant the Motion.

---

[1]Docket No. 32.

1

I.  BACKGROUND

Plaintiff alleges that Defendants have infringed on United States Patent No. 7,902,129 (the '129 Patent), which is directed to lubrication sheets for paper shredders.  After Plaintiff filed suit, Defendant Michilin Prosperity Co. filed for reexamination of claims 8, 28, and 31 of the '129 Patent by the PTO.

On February 28, 2012, the PTO decided to reexamine the '129 Patent.  Defendants thereafter moved to stay this action pending the results of the reexamination.  Plaintiffs oppose the Motion.

On March 31, 2012, the PTO issued a first office action on the reexamination.  The examiner elected to consider claims 1, 4, 17, and 32 in addition to claims 8, 28, and 31, and rejected each claim based on the prior art.  The matter now awaits further proceedings.

II.  DISCUSSION

The Federal Circuit has recognized that a district court may properly stay proceedings in a patent case pending the PTO's reexamination of a patent by that Office.[2]  This Court has the inherent power to manage its docket and stay proceedings.[3]  Courts consider a number of factors in determining whether to stay litigation proceedings pending PTO reexamination, including: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether

---

[2]*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983).

[3]*Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

discovery is complete and a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party."[4]

Discovery is not complete in this matter and a trial date has not been set. Furthermore, because many of the contested claims of the '129 Patent are subject to reexamination, the final decision in the reexamination will clearly simplify the issues. Though any delay may be prejudicial to Plaintiff, the "delay inherent in the reexamination process does not constitute, by itself, *undue* prejudice."[5] The Court will therefore grant the Motion to Stay.[6]

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Stay (Docket No. 32) is GRANTED. The Clerk of the Court is directed to administratively close this case. The case may be re-opened upon motion by either party.

DATED   April 26, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[4] *Pool Cover Specialists Nat., Inc. v. Cover-Pools Inc.*, 2009 WL 2999036, at *1 (D. Utah Sept. 18, 2009).

[5] *Id.* at 2 (emphasis added).

[6] In their opening brief, Defendants also argued that this matter should be stayed pending resolution of an appeal to the Federal Circuit that concerned construction of language in another patent that is related to the claim language at issue here. The Federal Circuit has since issued an opinion in that matter, and that argument is therefore moot.